| UNITED STATES DISTRICT COURT | CIVIL CONFERENCE |
|---|---|
| EASTERN DISTRICT OF NEW YORK | MINUTE ORDER |

| BEFORE: | A. KATHLEEN TOMLINSON | DATE: | 7/10/09 |
|---|---|---|---|
| | U.S. MAGISTRATE JUDGE | TIME: | 11:30 AM |

*Textron Financial Corp. -v- Eddy's Trailer Sales, Inc., et al.*
**CV 08-2289 (JFB) (AKT)**

TYPE OF CONFERENCE:  STATUS CONFERENCE

APPEARANCES:  Plaintiff     James Foster (by telephone)
                            Brian A. Bloom

              Defendant    Francis G. Fineo

THE FOLLOWING RULINGS WERE MADE:

1. There are a number of outstanding discovery motions which I addressed with the parties today. First, because of the number of discovery motions filed in this case thus far, the parties are precluded from filing further motions without first receiving this Court's authorization to do so. Going forward, if a dispute arises which the parties are unable to resolve after complying with their obligations under Local Rule 37.3, I am directing the parties to contact Chambers expeditiously, with counsel for all parties on the line, at which time my Law Clerk will schedule a conference during which I will either adjudicate the dispute or determine whether to grant leave to file an appropriate letter motion.

2. Plaintiff filed a Motion [DE 75] to compel Defendants to produce all electronically stored information ("ESI") responsive to Plaintiff's document demands, or, alternatively, to permit Plaintiff to procure the retrieval of the ESI from Defendants and have Defendants bear the costs. Defendants oppose [DE 76] the Motion on the grounds that, among other things, they cannot afford the cost involved in retrieving the ESI. Since this Court previously ordered Defendants "to produce all electronic documents responsive to Plaintiff's demands by March 25, 2009[,]" (*see* DE 72), the only issue presently before this Court is whether Defendants should be required to bear the entire cost of producing the requested ESI. Based upon my review of the parties' submissions, the Federal Rules and Advisory Committee Notes, relevant case law, and the arguments I heard today, I find that because the ESI at issue here is contained on Defendant Eddy's two existing servers, the material sought by Plaintiff is "accessible" (*i.e.*, stored in a readily usable format). *See Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 319-20 (2d Cir. 2003). Moreover, Defendants have not provided any proof of their financial hardship or "inability to fund" their discovery obligations "based upon their financial position" (DE 76). *See* Fed. R. Civ. P. 26 Advisory Committee Notes (2006) ("the parties' resources" is a factor to be considered by the court in determining whether to shift the costs of production to the requesting party). Accordingly, under the Federal Rules and applicable case law, Defendants are required to bear the cost of producing the ESI. *See Zubulake*, 217 F.R.D. at 318 (finding that "whether production of documents is unduly burdensome or expensive turns primarily on whether it is kept in an *accessible or inaccessible* format" and "[s]hifting the cost of production from the producing party to the requesting party should be considered only where inaccessible data is sought") (emphasis in original); Fed. R. Civ. P. 26 Advisory Committee Notes (2006) (court may order "payment by the requesting party of part or all of the reasonable costs of obtaining

information from sources that are not reasonably accessible"). However, in my discretion, I am imposing a cap of $10,000 on Defendants' obligation to produce the requested ESI. If Plaintiff need records which will necessitate expenses that exceed the $10,000 cap, those expenses are to be borne by Plaintiff only. *See United Parcel Serv. of Amer., Inc. v. The Net, Inc.*, 222 F.R.D. 69, 71 (E.D.N.Y. 2004) (noting that the revisions to the Federal Rules "are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery"); Fed. R. Civ. P. 26(b)(2)(B) ("The court may specify conditions for discovery."). The parties are directed to confer regarding the method by which production will be achieved and to accomplish the necessary tasks as expeditiously as possible. If the parties decide to use an outside vendor, Defendants must pay the vendor before the production begins.

2. Plaintiff moves [DE 77, 80] production of the unredacted billing records of Defendants' former counsel, Bellavia Gentile & Associates LLP ("Bellavia"), on the basis of the crime-fraud exception. Defendants object [DE 79] on the grounds that Plaintiff has not made a sufficient showing to overcome the attorney-client privilege. For the reasons set forth on today's record, I find that Plaintiff has made a sufficient showing to warrant *in camera* review of the documents at issue. *See United States v. Jacobs*, 117 F.3d 82, 87 (2d Cir. 1997) (citing *United States v. Zolin*, 491 U.S. 554, 563 (1989)); *Shahinian v. Tankian*, 242 F.R.D. 255, 258 (S.D.N.Y. 2007). At the close of today's proceeding, Defendant's counsel provided me with a copy of the unredacted Bellavia billing records, as well as certain communications, which I will review to determine whether the crime-fraud exception applies here and whether the communications must be produced. *See Jacobs*, 117 F.3d at 87.

3. With regard to Plaintiff's Motion [DE 81] to compel the production of certain documents in Bellavia's possession, including internal emails and other ESI, responsive to a third-party subpoena served by Plaintiff on Bellavia on March 30, 2009, I find that Bellavia was and is obligated to comply with the subpoena. I directed Plaintiff's attorney to send a letter to Attorney Blatt at Bellavia by the close of business today, confirming that this issue was raised at today's conference and the Court is seriously concerned that Bellavia has not complied with the March 20, 2009 subpoena. Plaintiff's counsel is further directed to inform Bellavia that they have until July 17 to comply with the subpoena or otherwise respond. In the event Bellavia does not comply with the subpoena and this Court's order, the Court will entertain a Motion to Compel by Plaintiff as well as an application for costs and attorneys' fees incurred in having to make that motion. In the event Bellavia forwards the documents to Defendant's counsel for review (because they contain attorney-client communications and only Defendants can waive the privilege) and Defendants' counsel determines that the documents are privileged, then Defendant's counsel must provide Plaintiff's counsel with a privilege log that conforms to the requirements of Rule 26(b)(5)(A) and must submit the documents for *in camera* review.

4. With regard to Plaintiff's Motion [DE 81] to compel the production of an internal Bellavia communication (referred to in Plaintiff's Motion and during today's proceeding as the "May 19 email"), to which Defendants object on the grounds that the email is protected by the work-product doctrine (*see* DE 81), I find that Plaintiff has made a sufficient showing to warrant *in camera* review of that document as well. At the close of today's proceeding, Defendants' counsel provided me with a copy of the email, which I will review and then render a decision.

5. In connection with Plaintiff's application [DE 59] for attorneys' fees incurred as a result of making a previous motion to compel, I have advised counsel that I am aware of the pending

motion and will render a decision in due course.

6. Regarding Defendants' Motion to Withdraw their Answer, I once again explained to the parties that because of its dispositive nature, the parties will have to await a decision from Judge Bianco.

7. With regard to Plaintiff's request to continue Richard Simon's deposition at the Courthouse, which Defendants do not oppose (*see* 83), I advised the parties that they may do so, in order to allow this Court to supervise the deposition if necessary, with the exclusion of July 15-17 and August 3-7.

8. In connection with Plaintiff's continued deposition of Defendant Thomas Gouldsbury, at the close of today's hearing, Plaintiff's counsel provided me with the complete transcript of Mr. Gouldsbury's deposition. I will render a decision on Plaintiff's application regarding Mr. Gouldsbury's invocation of his Fifth Amendment rights in response to certain deposition questions.

9. As I previously directed, Defendants are obligated to provide Plaintiff with Vinny Sprance's home address. Defendants are directed to provide Mr. Sprances's address to Plaintiff by July 15, 2009. Failure to do so will result in the imposition of monetary sanctions upon Defendants for each day beyond July 15 that they do not provide the address.

10. The remaining depositions, including those of Mr. Simon, Mr. Gouldsbury, Stacie Hoffman, and Dennis Donnelly, are to be completed or very close to completion by the middle to the end of August.

11. All remaining fact discovery in this case, including depositions, is to be completed by September 30, 2009. The deadline to file a motion to amend the Complaint is October 15, 2009. Given the delays that have ensued in this case thus far, no further extensions will be granted. A Third Amended Case Management and Scheduling Order will be entered separately.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

3